AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

United States of America )
v. )
Eric Ziegler ) Case No. 15-MJ-1060 (AMD)
)
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  Feb. 2015 and December 3, 2015  in the county of  Gloucester  in the
_____ District of  New Jersey , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 2252A(a)(2)(A) and (b)(1), and Section 2. | See Attachment A. |

This criminal complaint is based on these facts:
See Attachment B.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nicole Canales, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/03/2015

_____
*Judge's signature*

City and state: Camden, New Jersey

Honorable Ann Marie Donio - U.S.M.J.
*Printed name and title*

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: _____

STEVEN D'AGUANNO, Assistant U.S. Attorney

Date: December 3, 2015

## ATTACHMENT A

From in or about February 2015 to on or about December 3, 2015, in Gloucester County, in the District of New Jersey, and elsewhere, defendant

## ERIC ZIEGLER

did knowingly receive more than 3 images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which had been saved to computer discs, each of which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and Section 2.

ATTACHMENT B

1.      I, Nicole Canales, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Since this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

2.      I am aware that beginning in or about February 2015, law enforcement officers learned that a user of an Internet account registered to a residence in Williamstown, New Jersey ("Subject Premises") had been linked to an online community of individuals who regularly sent and received child pornography via a website that operated on an anonymous online network.

3.      On or about December 3, 2015, law enforcement officers from the FBI and other law enforcement agencies, executed a search warrant, authorized by a United States Magistrate Judge, at the Subject Premises. At the time of the search warrant's execution, the Subject Premises was the residence of Eric Ziegler. Law enforcement officers seized various computers and forms of electronic and digital media from the Subject Premises pursuant to the search warrant.

4.      In connection with the search warrant's execution, Ziegler was advised that he was not under arrest and that was free to leave the Subject Premises. Ziegler, however, remained at the Subject Premises, engaged law enforcement officers in conversation about the search warrant, and willingly spoke with law enforcement officers. Ziegler was then interviewed and admitted, in sum and substance, to utilizing a computer in his home office on a weekly basis to

access the Internet for the purpose of viewing, downloading, and receiving child pornography. Ziegler further advised that he works from home providing technological support to computer users who are employed by financial institutions. Ziegler further advised that he stored child pornography which he downloaded from the Internet on various computer discs. In total, law enforcement officers seized approximately 41 computer discs on which Ziegler indicated he stored child pornography which he downloaded from the Internet.

5. My personal review of the contents of a computer disc labeled, "Red Dead Redemption, Xbox 360", which was seized from the Subject Premises during the execution of the search warrant, revealed that it contained a folder labeled "lol," which contained four folders identified as "Set05a", "set16", "Set18a", and "Set18b". Folder "Set05a" contained 61 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "set16" contained two folders, "Set16a" and "Set16b". Folder "Set16a" contained 103 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set16b" contained 95 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set18a" contained 55 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set18b" contained 41 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. The images described above constitute child pornography, as defined by Title 18, United States Code, Section 2256(8).

6. My review of the contents of the computer disc described in Paragraph 5 also yielded a folder labeled "morenwc" which contained another folder identified as "lilleswithD" and 55 other files. The folder identified as "lilleswithD" contained four video files. These video

3

files showed two prepubescent females performing oral sex on each other, digitally penetrating each other's genitalia, and vaginal intercourse with an adult male.

7.      Based upon my education, training, and experience, and my discussions with other law enforcement officers, and Ziegler's statement to law enforcement officers, the images described above in Paragraphs 5 and 6, were shipped and transported in and affecting interstate or foreign commerce, including by computer, because Ziegler received these images over the Internet, which is an instrumentality and channel of interstate and foreign commerce.

8.      It is requested that this Complaint and accompanying Affidavit be sealed until further order of the Court. These materials discuss an ongoing criminal investigation. The public disclosure of this complaint and accompanying Affidavit could result in the flight of the defendant, who is currently not in custody, or otherwise jeopardize the investigation if the defendant becomes aware of the existence of these materials prior to the effectuation of his arrest.