AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 15-MJ-1060 (AMD) |
| Eric Ziegler | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## AMENDED CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __Feb. 2015 and December 3, 2015__ in the county of __Gloucester__ in the
_____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 2251(a), 2252A (a)(2)(A) and (b)(1), and Section 2. | See Attachment A. |

This criminal complaint is based on these facts:
See Attachment B.

☑ Continued on the attached sheet.

_____
Complainant's signature

Nicole Canales, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/15/2015__

_____
Judge's signature

City and state: __Camden, New Jersey__   Honorable Ann Marie Donio - U.S.M.J.
*Printed name and title*

```
                    CONTENTS APPROVED
                 UNITED STATES ATTORNEY


          By: _____
              STEVEN D'AGUANNO, Asst. U.S. Atty.
                   Date:  December 15, 2015
```

ATTACHMENT A

### Count 1

From in or about February 2015 to on or about December 3, 2015, in Gloucester County, in the District of New Jersey, and elsewhere, defendant

ERIC ZIEGLER

did knowingly receive more than 3 images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which had been saved to computer discs, each of which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and Section 2.

### Count 2

Between in or about July 2015 and in or about August 2015, in Gloucester County, in the District of New Jersey, defendant

ERIC ZIEGLER

did, or attempted to, employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; to wit, digital images and a digital video file depicting prepubescent females engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2251(a).

1

ATTACHMENT B

1.    I, Nicole Canales, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Since this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

2.    I am aware that beginning in or about February 2015, law enforcement officers learned that a user of an Internet account registered to a residence in Williamstown, New Jersey ("Subject Premises") had been linked to an online community of individuals who regularly sent and received child pornography via a website that operated on an anonymous online network.

3.    On or about December 3, 2015, law enforcement officers from the FBI and other law enforcement agencies, executed a search warrant, authorized by a United States Magistrate Judge, at the Subject Premises. At the time of the search warrant's execution, the Subject Premises was the residence of Eric Ziegler. Law enforcement officers seized various computers and forms of electronic and digital media from the Subject Premises pursuant to the search warrant.

4.    In connection with the search warrant's execution, Ziegler was advised that he was not under arrest and that was free to leave the Subject Premises. Ziegler, however, remained at the Subject Premises, engaged law enforcement officers in conversation about the search warrant, and willingly spoke with law enforcement officers. Ziegler was then interviewed and admitted, in sum and substance, to utilizing a computer in his home office on a weekly basis to access the Internet for the purpose of viewing, downloading, and receiving child pornography.

2

Ziegler further advised that he works from home providing technological support to computer users who are employed by financial institutions. Ziegler further advised that he stored child pornography which he downloaded from the Internet on various computer discs. In total, law enforcement officers seized approximately 41 computer discs on which Ziegler indicated he stored child pornography which he downloaded from the Internet.

5.  My personal review of the contents of a computer disc labeled, "Red Dead Redemption, Xbox 360", which was seized from the Subject Premises during the execution of the search warrant, revealed that it contained a folder labeled "lol," which contained four folders identified as "Set05a", "set16", "Set18a", and "Set18b". Folder "Set05a" contained 61 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "set16" contained two folders, "Set16a" and "Set16b". Folder "Set16a" contained 103 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set16b" contained 95 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set18a" contained 55 images of a prepubescent female in various states of undress, specifically focusing on her genitalia. Folder "Set18b" contained 41 images of a prepubescent female in various states of undress, specifically focusing on her genitalia.

6.  My review of the contents of the computer disc described in Paragraph 5 also yielded a folder labeled "morenwc" which contained another folder identified as "lilleswithD" and 55 other files. The folder identified as "lilleswithD" contained four video files. These video files showed two prepubescent females performing oral sex on each other, digitally penetrating each other's genitalia, and vaginal intercourse with an adult male.

3

7. In addition, I personally reviewed the contents of a computer disc labeled, "Blood Bowl VP Date" and determined that it contained numerous files of child pornography. The disc contained four folders and 46 video clips. Two video clips on the disc consisted of recordings that appear to have been made with a hidden camera of two prepubescent females getting changed at a changing station on a beach. The video clips focused on their genitalia. The disc also contained a folder entitled "Butts10." The folder contained 44 videos which focused on the genitalia and buttocks of prepubescent females. The file names associated with the videos referred to the ages of the respective prepubescent females on the videos as 8, 9, 11 and 12 years of age. The disc also contained a folder entitled "Cam." Within the "Cam" folder there was a folder entitled "F". The folder entitled "F" contained multiple videos that appear to have been recorded with a hidden camera and show two prepubescent females getting changed in a fitting room at a store. The video clips focused on the prepubescent girls' genitalia. Also contained in the folder entitled "F" was a video showing a prepubescent female showering from the waist down. My personal review of 18 other computer discs seized from the Subject Premises revealed similar results of videos that appear to have been recorded with hidden cameras in changing rooms, locker rooms, and fitting rooms. The videos focus on the prepubescent females' genitalia.

8. The FBI's Philadelphia Division Regional Computer Forensic Laboratory is in the process of examining a computer seized from the Subject Premises and identified by Ziegler during the execution of the search warrant as the computer on which he downloaded and viewed child pornography. To date, multiple thumbnail photographs have been recovered from the computer which I believe, based on my education, training, experience, and knowledge of this investigation, were recorded on a hidden camera within the Ziegler residence, specifically in the

first-floor bathroom. These still photographs were created by Ziegler from videos recorded on the hidden camera. The thumbnail photographs include six photographs of unidentified prepubescent females naked from the waist down. The prepubescent females are bent over, showing their buttocks, or as they are putting on full piece bathing suits, the videos are focused on their genitalia.

9. The review of Ziegler's computer also revealed another video that was recorded in the same first-floor bathroom of a prepubescent female, who is known to law enforcement through this investigation. Based on my training, experience, and knowledge of this investigation, I believe that the video was recorded between in or about July 2015 and August 2015. The video shows this known prepubescent female wearing a tank top but no bottoms, using the toilet, wiping herself, and then putting on a bathing suit and walking out of the bathroom. The video also shows this prepubescent female's exposed genitalia.

10. The images described in Paragraphs 5 through 9 above constitute child pornography, as defined by Title 18, United States Code, Section 2256(8).

11. Based upon my education, training, and experience, and my discussions with other law enforcement officers, and Ziegler's statement to law enforcement officers, the images described above in Paragraphs 5 through 7, were shipped and transported in and affecting interstate or foreign commerce, including by computer, because Ziegler received these images over the Internet, which is an instrumentality and channel of interstate and foreign commerce.

12. In addition, the hard drives contained in Ziegler's computer were manufactured outside of the United States. As a result, the images and/or video files described in Paragraphs 8 and 9, were produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce.

5

13. It is requested that this Complaint and accompanying Affidavit be sealed until further order of the Court. These materials discuss an ongoing criminal investigation. The public disclosure of this complaint and accompanying Affidavit could result in the flight of the defendant, who is currently not in custody, or otherwise jeopardize the investigation if the defendant becomes aware of the existence of these materials prior to the effectuation of his arrest.